**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMMETT JOHNSON,<br><br>    Petitioner,<br><br>v.<br><br>G. MATTISON,<br><br>    Respondent. | Case No. 2:22-cv-02467-JVS (AFM)<br><br>**ORDER SUMMARILY DISMISSING HABEAS PETITION FOR LACK OF SUBJECT MATTER JURISDICTION** |

    Petitioner, a state prisoner, was convicted of murder in 1996. (Los Angeles County Superior Court Case No. TA041797.) He is currently serving a sentence of life without parole imposed as a result of that conviction. On April 11, 2022, Petitioner filed this petition for a writ of habeas corpus challenging his 1996 conviction. *See* 28 U.S.C. § 2254. (ECF 1.)

    Petitioner has filed numerous prior habeas corpus petitions in the Central District of California challenging his 1996 conviction. The first, filed in September 2010, was summarily dismissed on procedural grounds. Case No. 2:10-cv-06792-JVS(RZ). The second petition, filed in December 2013, was dismissed with prejudice as time-barred. Case No. 2:13-cv-07464-JVS(RZ). Four subsequent petitions were each dismissed for lack of jurisdiction because they were successive. *See* Case Nos.

2:14-cv-05869-JVS(RZ); 2:16-cv-03887-JVS(AFM); 2:17-cv-04564-JVS(AFM); 2:21-cv-04259-JVS(AFM).

The current petition alleges that the jury was provided with improper jury instructions on felony-murder and on the law regarding natural and probable consequences; the prosecution made representations that rendered it impossible for the defense to fulfill its duty; and the prosecutor committed fraud on the court. (ECF 1 at 5-11.) Because the petition challenges the same judgment of conviction as did the petition in Case Number CV 13-7464-JVS(RZ), which was dismissed with prejudice as untimely, it is successive. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-331 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Petitioner has not obtained authorization from the Ninth Circuit to file this second or successive petition. Consequently, this Court is without jurisdiction to entertain it. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). To the extent Petitioner might contend that the petition meets an exception to the bar on successive petitions, this argument must first be presented to the Court of Appeals.[1]

---

[1] Pursuant to Ninth Circuit Rule No. 22-3(a), when a request for authorization to file a successive petition is "mistakenly submitted" to a district court, it must be referred to the Ninth Circuit. Rule 22-3(a) also provides that a district court may refer such a petition to the Ninth Circuit when to so would serve the interests of justice. Neither circumstance is present in this case. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 18, 2022

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE